UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH NICHOLSON,

Plaintiff,

v.

BRIAN FISCHER *et al.*,

Defendants.

13 Civ. 323

**OPINION**

*Pro se* plaintiff Kenneth Nicholson, an inmate at Sing Sing Correctional Facility, brings this § 1983 action against various officials of the New York State Department of Corrections and Community Supervision. Nicholson alleges that these officials failed to protect him from an attack by another inmate. He also alleges that they verbally harassed him and discussed his personal affairs in front of another inmate.

Nicholson names a wide range of people as defendants: Commissioner Brian Fischer, Superintendent Michael Capra, Deputy Superintendent William Keyser, Captain E. Mejia, Sergeant F. Malave, Sergeant Andrew Nevins, Corrections Counselor Tijiuana Patterson, Corrections Counselor L. Campbell, Corrections Officer Kenneth Maine, Corrections Officer James Miller, Corrections Officer Jason Duggins.

Sergeant Nevins, Corrections Officer Maine, and Corrections Officer Duggins filed an answer to the complaint. Based on the case docket, Corrections Officer Miller has not yet been served.

The rest of the defendants move to dismiss the complaint, asserting that Nicholson has failed to show that they were personally involved in the events giving rise to the claim. They also assert that the allegations of verbal harassment cannot form the basis of a valid § 1983 claim. The motion to dismiss on these grounds is granted.

Nicholson requests a default judgment, the appointment of counsel, and leave to amend the complaint. The motion for default judgment and the motion to appoint counsel are denied, but leave to amend the complaint is granted.

**The Complaint**

Nicholson's complaint focuses on two allegations, each against various defendants. First, he alleges that certain defendants failed to protect him from an attack by a fellow inmate. Nicholson asserts that he informed an unnamed officer at Auburn Correctional Facility that he feared that fellow inmate Rufus Spears may attempt to harm him because he allegedly had witnessed Spears murder someone. Later, when Nicholson was transferred to Sing Sing Correctional Facility, he was put into the general population, instead of protective custody, and no one checked to see whether Spears was incarcerated at Sing Sing as well. Nicholson alleges that three days after his transfer, he

encountered Spears and that Spears held him while another inmate cut the right side of Nicholson's face. Nicholson also alleges that he sent letters about his fear of Spears to several prison officials, including defendant Commissioner Fisher. Nicholson asserts a claim arising out of these events against Commissioner Fischer, Superintendent Capra, Deputy Superintendent Keyser, Captain Mejia, Sergeant Malave, Corrections Counselor Patterson, and Corrections Counselor Campbell.

The second claim involves a series of allegations that various defendants took his mail, verbally harassed him, and discussed his personal business. He alleges that Corrections Officer Maine took his mail and yelled at him. He alleges that Sergeant Nevins "acted under color of federal law when dealing with the plaintiff." He also alleges that Corrections Officer Miller threatened him and that Corrections Officer Duggins threatened him, withheld his soap, and denied him privileges that were granted to other inmates. Additionally, he alleges that Corrections Counselor Patterson referred to him using "derogatory terminology" and discussed Nicholson's personal business with other prison officials while other inmates were present. Finally, Nicholson says that he "brought this matter to" the attention of defendants Commissioner Fischer, Superintendent Capra, Deputy Superintendent Keyser, Captain Mejia, Sergeant Nevins, but that "no action has been taken" by these defendants.

Based on these events, Nicholson asserts claims for deprivation of his constitutional rights.

**Discussion**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In deciding a motion under Rule 12(b)(6), a court must accept as true the facts alleged in the complaint. Id. A *pro se* plaintiff "is entitled to a particularly liberal reading" of his complaint. Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011). But even a *pro se* plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Johnson v. City of New York, 669 F. Supp. 2d 444, 448–49 (S.D.N.Y. 2009).

Claim 1: Failure to Protect

Nicholson asserts the first claim against Commissioner Fischer, Superintendent Capra, Deputy Superintendent Keyser, Captain Mejia, Sergeant Malave, Corrections Counselor Patterson, and Corrections Counselor Campbell. These defendants move to dismiss this claim. The motion is granted.

Personal involvement of a defendant is a prerequisite to liability under § 1983. Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001). A plaintiff can demonstrate personal involvement by a supervisory defendant by alleging that the supervisor: (i) personally participated in the alleged constitutional violation, (ii) was grossly negligent in supervising subordinates

who committed the wrongful acts, or (iii) exhibited deliberate indifference to the rights of the plaintiff by failing to act on information indicating that unconstitutional acts were occurring. Id.

Here, Nicholson offers no allegation for how defendants Capra, Keyser, Mejia, Malave, Patterson, and Campbell were personally involved in any of the ways described in Provost. Specifically, he makes no satisfactory claim that they were deliberately indifferent to his safety. He does not even mention these defendants in claim one, except to list them as defendants and to allege that he sent them grievances he filed *after* he was attacked.

Nicholson alleges that he sent a letter to Commissioner Fischer, warning Fischer of the danger Spears posed to Nicholson. But it is not clear whether this letter was sent before or after the attack. Even assuming the letter was sent before the attack, a letter to the commissioner is not sufficient to impute personal involvement. Voorhees v. Goord, No. 05 Civ. 1407, 2006 WL 1888638 (S.D.N.Y. Feb. 24, 2006) (collecting cases).

Because Nicholson has failed to state a sufficient claim for failure to protect, this claim is dismissed against all defendants.

Claim 2: Verbal Harassment

Nicholson asserts the second claim against Commissioner Fischer, Superintendent Capra, Deputy Superintendent Keyser, Captain Mejia, Sergeant

Nevins, Corrections Officer Maine, Corrections Officer Miller, Corrections Officer Duggins, and Corrections Counselor Patterson.

Commissioner Fischer, Superintendent Capra, Deputy Superintendent Keyser, Captain Mejia, and Corrections Counselor Patterson move to dismiss this claim. The motion is granted.

Like the first claim, the second claim against Commissioner Fischer, Superintendent Capra, Deputy Superintendent Keyser, and Captain Mejia is dismissed because Nicholson does not sufficiently allege that these defendants were personally involved. Nicholson alleges that he informed these defendants of the officers' threats against him but that they took no action. He does not allege that these defendants failed to act on information that they possessed *before* the threats were made. He does not allege that these defendants were grossly negligent in supervising the officers who made the threats. Accordingly, Nicholson has not pleaded that these defendants were personally involved, and the claim against them is dismissed.

Nicholson sufficiently alleges that Corrections Counselor Patterson personally insulted him and discussed his business with other prison officials while other inmates were present. But these allegations are insufficient to state a claim of deprivation of constitutional rights. Verbal threats or insults by prison officials only violate constitutional rights where there is a substantial risk of harm to the defendant. See Malsh v. Austin, 901 F. Supp. 757, 763 (S.D.N.Y. 1995). Here, there is no allegation that Patterson's statements

created a substantial risk of harm or that Nicholson suffered any actual harm as a result of the statements. Accordingly, the claim against defendant Patterson is dismissed.

Motion to Appoint Counsel

Nicholson moves for the appointment of *pro bono* counsel. It is a prerequisite to the appointment of *pro bono* counsel that the plaintiff's position is likely to be of substance. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Thus, it must appear from the pleadings that the claim asserted may have merit or that the plaintiff has some chance of success. Stewart v. McMickens, 677 F. Supp. 226, 228 (S.D.N.Y. 1988).

Here, Nicholson's claims against the moving defendants have been dismissed. It is true that Nicholson has requested leave to amend the complaint. But the court cannot determine whether an amended complaint will satisfy the standard for appointment of counsel.

The motion for appointment of counsel is denied.

Motion for Default Judgment

Nicholson moves for a default judgment. All defendants that have been served have responded to the complaint. The motion for default judgment is denied.

## Conclusion

The motion to dismiss the complaint is granted as to the moving defendants. The motion to appoint counsel and the motion for default judgment are denied. The request for leave to amend the complaint is granted. Nicholson may amend his complaint within 60 days of this order. If the complaint is amended, defendants are permitted to file responsive pleadings and motions.

This opinion resolves the motions listed as document numbers 20, 26, and 28 in case 13 Civ. 323.

So ordered.

Dated: New York, New York
January 14, 2014

Thomas P. Griesa
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/14

Mailed from Chambers to:

Kenneth Nicholson
09-A-5751
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, NY 12733-0116